AMY M. COHEN, ESQ., CSB #203190
Email: amy@cohenlawplc.com
COHEN LAW
A PROFESSIONAL LAW CORPORATION
28039 Smyth Drive, Suite 200
Valencia, California 91355
(661) 257-2887 – Telephone
(661) 257-2450 – Facsimile

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIO PRODUCTS, INC., a California Corporation,<br><br>             Plaintiff,<br><br>v.<br><br>BRYBRADAN, INC., a California corporation, doing business as MISTIC PRODUCTS, and DOES 1 through 20, inclusive,<br><br>             Defendants. | CASE NO.:<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION UNDER LANHAM ACT §43, UNFAIR COMPETITION UNDER CA Bus. & Prof. Code §17200, TRADEMARK INFRINGEMENT UNDER CA COMMON LAW, UNFAIR COMPETITION UNDER CA COMMON LAW<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, INDIO PRODUCTS, INC., a California Corporation (hereinafter "Plaintiff" or "Indio"), by its attorneys, as and for its complaint against Defendant BRYBRADAN, INC., a California Corporation doing business as Mistic Products (hereinafter "Defendant" or "Mistic"), alleges as follows:

## **Nature of the Action**

1.      Plaintiff manufactures, sells and distributes candles, in three (3) specific formats: (a) esoteric, highlighting various superstitions and targeting primarily Hispanic clients, (b) religious, featuring Catholic iconography, and (c) decorative

COHEN LAW, A PROFESSIONAL LAW CORPORATION

1    candles.        The company was founded in the 1980s and has grown its business
2    across the United States and Canada.

3            2.       Recognizing Plaintiff's success and goodwill, and in a brazen and
4    improper attempt to capitalize on that success, Defendant Mistic has begun to
5    manufacture and sell esoteric candles and related items, which prominently feature
6    exact copies or very close copies of Plaintiff's original artwork, without authorization
7    from Plaintiff.  For many years prior to starting the Defendant company, the principal
8    of Defendant, Raul Gonzalez, worked for Plaintiff.

9            3.       In addition to improperly utilizing Plaintiff's artistic designs on products,
10   Defendant currently sells candles and related products which feature Plaintiff's
11   proprietary names, some of which are federally registered and others for which
12   applications for registration are pending.

13           4.       Defendants' conduct is causing, and unless immediately enjoined, will
14   continue to cause irreparable harm to Plaintiff.  Defendants cannot continue to exploit
15   Plaintiff's original artistic works and trademarks in order to sell its "look alike"
16   products to the public.  Defendants' conduct must be immediately stopped and
17   Plaintiff must be compensated for Defendants' willful acts of infringement.

18                              **Jurisdiction and Venue**

19           5.       This is a civil action seeking damages and injunctive relief for Copyright
20   Infringement under the Copyright Act, 17 U.S.C. §101 *et seq*, damages and injunctive
21   relief for Trademark Infringement under the Lanham Act, 15 U.S.C. §§1125 *et seq*,
22   damages for Trademark Infringement under California common law, damages for
23   Unfair Competition under California *Business and Professions* Code §17200, and
24   damages for Unfair Competition under California common law.

25           6.       This Court has original subject matter jurisdiction over this action
26   pursuant to 28 U.S.C. §§1331 and 1338 (a).

27           7.       This Court has supplemental jurisdiction over the related state law claims

28

COHEN LAW, A PROFESSIONAL LAW
CORPORATION

1
2
3
4

under 28 U.S.C. §1367 (Plaintiff's claims for unfair competition under state law are integrally interrelated to Plaintiff's federal claims and arise from a common nucleus of operative facts, such that determination of the state law claims with the federal claims furthers judicial economy.

5
6
7

8.     This Court has personal jurisdiction over Defendant Brybradan, Inc. because Defendant maintains its principal place of business in the State of California, County of Los Angeles.

8
9
10
11

9.     Venue in this District is proper under 28 U.S.C. §1391(b) and (c) because Defendant Brybradan resides in the district and is subject to personal jurisdiction in this district, and because a substantial part of the events giving rise to the claims occurred in this district.

12

### The Parties

13
14
15

10.     Plaintiff Indio Products, Inc. is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, with its principal place of business at 5331 E. Slauson Avenue, Commerce, CA 90040.

16
17
18
19

11.     Upon information and belief, Defendant Brybradan Inc. dba Mistic Products is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, with its principal place of business located at 3016 Alameda Street, Suite B, Compton, CA 90222.

20
21
22
23
24
25
26
27

12.     Plaintiff is unaware of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and therefore alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by such defendants.  These fictitiously named defendants, along with the defendant named above, are herein referred to collectively as "Defendants."

28

COHEN LAW, A PROFESSIONAL LAW
CORPORATION

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF

13.    Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein, each of the Defendants identified herein as Does 1 through 15, was the agent and/or alter ego of each of the other Defendants and, in doing the things alleged in this complaint, was acting within the course and scope of such agency.

### Facts Common to All Claims

14.    Plaintiff has been manufacturing and selling religious, esoteric and decorative candles since the 1980s.  During that time, Plaintiff has made a name for itself and is a well-respected source of various candles and related items.  Most popular among Plaintiff's items are its esoteric candles, for various superstitions, which are marketed largely in the United States and Mexico.

15.    Plaintiff is a well-respected source of the types of esoteric candles that are the subject of this matter and currently manufactures and sells candles with at least thirty-six (36) such designs, as well as other related products such as Spiritual Water, oils, and sachets.  Plaintiff spends substantial amounts of time, money and effort in producing and marketing its products, and has spent a substantial amount of time creating original artwork and designs for its products.  For example, Plaintiff owns, inter alia, the following registered copyrights:

- "All Purpose" – US Copyright VA 0001923418
- "Attraction" – US Copyright VA 0001920987
- "Block Buster" – US Copyright VA 0001920857
- "Break Up" – US Copyright VA 0001899063
- "Contra Danos (Against Harm)" – US Copyright VA 0001927070
- "Court Case" – US Copyright VA 0001899066
- "Domination" – US Copyright VA 0001899055
- "Double Action Reversible" – US Copyright VA 0001899040
- "Dume / Black List" – US Copyright VA 0001899051
- "Elegua" – US Copyright VA 0001920972
- "Garlic" – US Copyright VA 0001899041
- "Holy Death Image" – US Copyright VA 0001860122
- "Hummingbird" – US Copyright VA 0001899069

COHEN LAW, A PROFESSIONAL LAW CORPORATION

COHEN LAW, A PROFESSIONAL LAW
CORPORATION

- "Intranquil Spirit" -  US Copyright VA 0001899076
- "Jinx Removing" – US Copyright VA 0001923404
- "Job" – US Copyright VA 0001899053
- "The Just Judge" – US Copyright VA 0001898973
- "Law Stay Away" – US Copyright VA 0001899071
- "Retirement" – US Copyright VA 0001923420
- "Road Opener" – US Copyright VA 0001899050
- "Santa Marta Dominadora" – US Copyright VA 0001899038
- "Success" – US Copyright VA 0001923407
- "Uncrossing" – US Copyright VA 0001923405

All of the above referenced artwork will sometimes herein collectively be referred to as "Artwork."

16.    In addition to its copyrighted designs, Plaintiff has twenty-six (26) trademarks for its candle products, which are federally registered or have applications pending.  Plaintiff has used these marks regularly and continuously in commerce since 1992 to identify its products and to associate those products with Plaintiff and Plaintiff's goodwill and reputation.  (These marks sometimes collectively referred to herein as "Marks.")  Plaintiff's registered trademark is for the "holy death" image, USPTO Reg. No. 4342068.

17.    Raul Gonzalez, principle of Defendant BryBradan, worked for Plaintiff between 1992 and 2008, employed as the Operations Manager and worked in company sales.  During his employment at Plaintiff, Mr. Gonzalez had access to and was familiar with Plaintiff's Artwork and Marks.

18.    Plaintiff is informed and believes, and based thereon alleges, that shortly before leaving his employ with Plaintiff, Mr. Gonzalez formed the Defendant corporation Brybradan.

19.    In contrast to the Plaintiff, Defendant Brybradan owns no trademarks and has created no copyrighted artwork or designs.

20.    Plaintiff is informed and believes and on that basis alleges that Defendants and/or their agents have been manufacturing and selling (and/or causing to

be manufactured and sold) candles and other products featuring Plaintiff's Artwork and trademarked images, without Plaintiff's authorization, or designs significantly similar to those owned by Plaintiff.

21.    Defendants do not have any license, authorization, permission or consent to use Plaintiff's Artwork or trademarks.

22.    On May 23, 2016, through its counsel, Plaintiff provided written notice to Defendant Brybradan that the use of Plaintiff's Artwork and marks constituted infringement of Plaintiff's rights and demanded that Defendant immediately cease and desist any further use of the Artwork and marks.  Plaintiff is entitled to injunctive relief and redress for Defendants' willful, intentional and purposeful use of the Artwork for their own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of Plaintiff's rights.

## COUNT 1
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101 *et seq*  and 501)
(Against all Defendants)

23.    Plaintiff herein repeats and incorporates herein by this reference, the allegations of paragraphs 1 through 22, as though fully set forth herein.

24.    Plaintiff has registered with the United States Copyright Office the Artwork described in Paragraph 15 above.  Defendants deliberately and intentionally copied Plaintiff's Artwork, and in doing so, have infringed Plaintiff's copyright in the Artwork in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501, by selling candles and other products featuring Plaintiff's Artwork, without Plaintiff's consent.

25.    On many of the designs, Defendants copied the layout, arrangement and overall look of the designs, and on others, copied almost identically every aspect of each design.

COHEN LAW, A PROFESSIONAL LAW CORPORATION

COHEN LAW, A PROFESSIONAL LAW CORPORATION

26.     Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

27.     As a direct and proximate result of said infringement by Defendants, Plaintiff has sustained, and will continue to sustain damages in an amount to be proven at trial.

28.     Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S. C. §504(b), including an accounting of and a constructive trust with respect to such profits, or in the alternative, damages of up to $30,000.00 per work infringed.

29.     Plaintiff is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. §505 and otherwise as according to law.

30.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the Artwork.  Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT 2
## TRADEMARK INFRINGEMENT
### (15 U.S.C. §1114)

(Against all Defendants)

31.     Plaintiff herein repeats and incorporates herein by this reference, the allegations of paragraphs 1 through 22, as though fully set forth herein.

32.     Plaintiff has used its federally registered mark of the "Holy Death" image in commerce on various products including candles, spiritual water, oils and sachets.

33.     Defendants had both actual and constructive knowledge of Plaintiff's

ownership of and rights in its federally registered mark prior to Defendants' infringing use of the mark.

34.     Defendants adopted and continue to use in commerce an image identical to or confusingly similar to Plaintiff's registered image, with full knowledge of Plaintiff's superior rights, and with full knowledge that their infringing use of Plaintiff's mark was intended to cause confusion, mistake and/or deception.

35.     Defendants offer their goods under the infringing mark in the same channels of trade as those in which Plaintiff's legitimate goods are offered.

36.     Defendants' wrongful use of the "Holy Death" image mark in connection with its goods comprises an infringement of Plaintiff's registered trademark and is likely to cause, and has caused confusion, mistake or deception as to the affiliation, connection or association of the goods with Plaintiff, in violation of 15 U.S.C. §1114.

37.     Defendants' actions constitute knowing, deliberate, and willful infringement of Plaintiff's federally registered mark.  The knowing and intentional nature of the acts set forth herein renders this an exceptional cause under 15 U.S.C. §1117(a).

38.     As a direct and proximate result of said infringement by Defendants, Plaintiff has sustained, and will continue to sustain damages in an amount to be proven at trial.

39.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's mark.  Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

///

# COUNT 3

## UNFAIR COMPETITION UNDER LANHAM ACT §43

### (15 U.S.C. §1125)

(Against all Defendants)

40.   Plaintiff herein repeats and incorporates herein by this reference, the allegations of paragraphs 1 through 22, and 32 through 39, as though fully set forth herein

41.   Since 1992, Plaintiff regularly used various marks in commerce, to identify its products and to associate those products with Plaintiff and Plaintiff's goodwill and reputation.

42.   Defendants' use of Plaintiff's Marks to promote, market or sell their goods in direct competition with Plaintiff's products constitutes Unfair Competition pursuant to 15 U.S.C. §1125(a).  Defendants' use of Plaintiff's Marks is likely to cause confusion, mistake and deception among customers.  Defendants' unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

43.   Defendants had direct and full knowledge of Plaintiff's prior use of and rights in its Marks before the acts complained of herein.  The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. §1117(a).

44.   As a direct and proximate result of said acts by Defendants, Plaintiff has sustained, and will continue to sustain damages in an amount to be proven at trial.

45.   As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to engage in unfair competition by infringing

COHEN LAW, A PROFESSIONAL LAW CORPORATION

Plaintiff's Marks. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT 4

## VIOLATION of CALIFORNIA *BUSINESS & PROFESSIONS* Code §17200

### (Against all Defendants)

46.    Plaintiff repeats and incorporates herein by this reference, the allegations of Paragraphs 1 through 22, 32 through 39, and 41 through 45, as though fully set forth herein.

47.    Defendants' wrongful conduct as herein alleged constitutes unfair, unlawful and/or fraudulent business acts and/or practices in violation of California *Business & Professions* Code §17200.

48.    Defendants had direct and full knowledge of Plaintiff's prior use of and rights in the Artwork and Marks before the acts complained of herein.

49.    As a direct and proximate result of Defendants' violation of *Business & Professions* Code §17200, Plaintiff is entitled to restitution, including disgorgement of Defendants' improperly obtained profits.

50.    As a direct and proximate result of the acts alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to engage in unfair competition by infringing Plaintiff's Artwork and Marks. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

///

///

///

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF

COHEN LAW, A PROFESSIONAL LAW CORPORATION

COHEN LAW, A PROFESSIONAL LAW CORPORATION

## COUNT 5

## TRADEMARK INFRINGEMENT

### California Common Law

(Against All Defendants)

51.     Plaintiff repeats and incorporates herein by this reference, the allegations of Paragraphs 1 through 22, 32 through 39, and 41 through 45, as though fully set forth herein.

52.     In violation of Plaintiff's common law trademark rights, Defendants have, among other things, wrongfully used reproductions, copies, or colorable imitations of Plaintiff's Marks in connection with the sale, offering for sale, and/or distribution of its goods.  Such use is likely to cause confusion, mistake, or to deceive as to the origin of Defendants' goods, and/or Defendants' affiliation with Plaintiff.

53.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained, and will continue to sustain damages, in an amount to be proven at trial.

54.     As a direct and proximate result of the acts alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to engage in unfair competition by infringing Plaintiff's Artwork and Marks. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT 6

## UNFAIR COMPETITION

### California Common Law

(Against All Defendants)

55.     Plaintiff repeats and incorporates herein by this reference, the allegations of Paragraphs 1 through 22, 32 through 39, and 52 through 54, as though fully set

COHEN LAW, A PROFESSIONAL LAW CORPORATION

forth herein.

56.     Defendants' wrongful conduct as herein alleged constitutes unfair competition under California common law.

57.     Unless enjoined, Defendants' continued wrongful conduct will cause Plaintiff irreparable injury, leaving Plaintiff with no adequate remedy at law.

58.     As a direct and proximate result of Defendants' actions, Plaintiff has sustained and will continue to sustain damages, in an amount to be proven at trial.

59.     As a direct and proximate result of the acts alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to engage in unfair competition by infringing Plaintiff's Artwork and Marks. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

WHEREFORE, Plaintiff prays for an Order and Judgment against Defendants, and each of them, jointly and severally, as follows:

1.     On Count 1, for damages including Defendants' profits, in an amount to be provide at trial.  Alternatively, at Plaintiff's election, for the maximum statutory damages allowed by law for all individual copyright infringements involved in this action with respect to any one work, or for such other amount as may be proper.

2.     On Count 1, for all of Defendants' profits wrongfully derived from the infringement of Plaintiff's Artwork.

3.     On Counts 2 and 3, for all damages permitted by law, under 15 U.S.C. §1117, including but not limited to disgorgement of Defendant's profits, and the costs of this action.

4.     On Counts 2 and 3, that the Court declare this to be an exceptional case

and award Plaintiff its attorneys' fees pursuant to 15 U.S.C. 1117.

5.     On all Counts, for a preliminary and permanent injunction enjoining Defendants and their respective officers, agents, employees, shareholders, directors, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each of any of them, from (a) directly or indirectly infringing in any manner any of Plaintiff's respective copyrights, trademarks and/or other exclusive rights (now in existence or hereinafter created), and (b) causing, contributing to, enabling, facilitating or participating in the infringement of any of Plaintiff's respective copyrights, trademarks and/or other exclusive rights (whether now in existence or hereafter created).

6.     On all Counts, that the Defendants be ordered pursuant to 15 U.S.C. §1118 and 17 U.S.C.A. §503 to deliver up for destruction all goods displaying copies of Plaintiff's Artwork, as well as all plates, molds, masters or other articles by means of which such copies may be reproduced, along with all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like, in Defendants' possession, custody or control, bearing a trademark or copyright found to infringe on Plaintiff's Artwork and/or Marks.

7.      Directing Defendants to provide an accounting of profits made by Defendants as a result of Defendants' unlawful conduct.

8.     Ordering Defendants, pursuant to 15 U.S.C. §1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a written report under oath describing in detail the manner and form in which Defendants have complied with the injunction.

9.     On Counts 4, 5 and 6, all damages to which Plaintiff is entitled under California law, as well as Defendants' profits, in an amount to be proven at trial.

10.     For prejudgment and post-judgment interest according to law.

11.     For Plaintiff's attorneys' fees under California law, 15 U.S.C. §1117 and

COHEN LAW, A PROFESSIONAL LAW CORPORATION

the Copyright Act.

      12.    For costs of suit herein.

      13.    For all such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

      Pursuant to Federal Rule of Civil Procedure §38(b), Plaintiff demands trial by jury of all issues triable by right of jury.

DATED:  July 8, 2016           COHEN LAW,
                             A PROFESSIONAL LAW CORP.

                             __/S/AMC_____
                             Amy M. Cohen, Esq.
                             Attorney for Plaintiff, INDIO
                             PRODUCTS, INC.

COHEN LAW, A PROFESSIONAL LAW CORPORATION

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF