AMY M. COHEN, ESQ., CSB #203190
Email: amy@cohenlawplc.com
COHEN LAW
A PROFESSIONAL LAW CORPORATION
28039 Smyth Drive, Suite 200
Valencia, California 91355
(661) 257-2887 – Telephone
(661) 257-2450 – Facsimile

Attorneys for Plaintiff, INDIO PRODUCTS, INC.

Mark D. Nielsen, Esq., No. 210,023
　　*mnielsen@cislo.com*
Daniel M. Cislo, Esq., No. 125,378
　　*dan@cislo.com*
Joanna Y. Chen, Esq., No. 298,980
　　*jchen@cislo.com*
CISLO & THOMAS LLP
12100 Wilshire Boulevard, Suite 1700
Los Angeles, California 90025
Telephone: (310) 451-0647
Fax: (310) 394-4477

Attorneys for Defendant,
CAMAO, INC. dba KLOVER CANDLES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDIO PRODUCTS, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BRYBRADAN, INC., a California corporation, doing business as MISTIC PRODUCTS, and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | CASE NO.: 2:16-cv-5067 BRO (Ex)<br><br>**JOINT RULE 26(f) REPORT AND DISCOVERY PLAN**<br><br>Date:　April 17, 2017<br>Time:　1:30 p.m.<br>Ctrm:　7C<br>Judge:　Hon. Beverly Reid O'Connell<br><br>Action Filed: July 11, 2016 |

*(Left margin, vertical text:)* COHEN LAW, A PROFESSIONAL LAW CORPORATION

- 1 -

The parties, Plaintiff and Counter-claim Defendant Indio Products, Inc. (referred to as "Plaintiff" or "Indio") and Defendant and Counterclaimant Brybradan, Inc. (referred to as "Defendant" or "Brybradan"), having conferred on February 21, 2017 and/or thereafter pursuant to Federal Rules of Civil Procedure Rule 26(f) and Local Rule 26-1, submit the following joint report and discovery plan.

## A. <u>Statement of the Case</u>

### 1. <u>Plaintiff's Contentions</u>

Indio is a Los Angeles based company, founded in the 1980s that manufactures and sells candles in three formats: esoteric, highlighting various superstitions and targeting primarily Hispanic clients; religious candles, featuring Catholic iconography; and decorative candles. Additionally, Indio manufactures and sells related goods including sachets, scented oils and room sprays. Indio is the owner of various designs utilized on its products that it has registered with the U.S. Copyright office, as well as various names that it is currently seeking registration with the U.S. Patent and Trademark Office for, and an image for which it has already obtained registration.

Indio's claims include (1) Copyright Infringement by Byrbradan for copying of at least twenty-three registered designs; (2) Trademark Infringement by Brybradan of Indio's "Holy Death" registered image; (3) Unfair Competition Under Lanham Act §43 based upon Brybradan's improper use of Indio's marks; (4) Violation of California Business and Professions Code§17200 based upon Brybradan's improper use of Indio's artwork and marks; (5) Trademark Infringement under California Common Law based on Brybradan's improper use of Indio's marks; and (6) Unfair Competition under California Common Law. Further, Indio contends that the principal of Defendant Brybradan, Raul Gonzalez was employed by Indio from

COHEN LAW, A PROFESSIONAL LAW CORPORATION

approximately 1998 to 2008 as Operations Manager and through his job functions at Indio, had access to and was familiar with Indio's artwork and trademarks.

Brybradan has denied all of Indio's claims and asserted affirmative defenses including a lack of copyright ownership, independent creation, that the designs are in the public domain, fraud on copyright office, express or implied license to use copyrighted designs, lack of trademark ownership, that the marks are merely descriptive or generic, fraud on the trademark office, express or implied license to use trademarks, and others.

As to Brybradan's recently filed counterclaims for declaratory judgment as to ownership of copyrights and trademarks and for civil liability for false or fraudulent registrations, Indio denies all liability on all of the counterclaims.  Indio has asserted affirmative defenses of waiver, estoppel, consent, unclean hands, laches, and truth and Indio's legal right to act.

### 2.    Brybradan's Contentions

Defendant Brybradan is a family-owned business that operates in Los Angeles, California, selling various esoteric and mystical products.

Several issues exist that Brybradan believes are "key," including: (1) whether Plaintiff owns the copyrights-in-suit, and (2) whether the trademarks Plaintiff claims to own are, in fact, subject to trademark protection by Plaintiff.

As to the copyright issue, the question is whether Plaintiff can establish a clear chain of title for copyright ownership, and that the works for which copyright is claimed are original with whoever created them.  It is Brybradan's understanding that at least some of the artwork in question was not created by Plaintiff's employees. Brybradan also has evidence showing extremely similar, if not the same, artwork, designed by others and pre-dating Plaintiff's claimed first publication of the artwork in 1992.

As to the trademark issue, the question is whether the marks for which Plaintiff

COHEN LAW, A PROFESSIONAL LAW CORPORATION

claims protection are, in fact, trademarks, as opposed to generic or descriptive terms. Also, the question is whether the use of these "marks" by others in the industry prior to Plaintiff precludes Plaintiff from owning rights to these "marks."  In this regard, it should be noted that at least six (6) of the eight (8) marks asserted in this case are each the subject of at least one opposition proceeding in the Trademark Trial and Appeal Board filed by non-parties.

Brybradan believes that these discrepancies in Plaintiff's claims on its copyright and trademark applications will be uncovered and ascertained during discovery, and will form the basis of one or more dispositive motions by Brybradan.

## B.    Subject Matter Jurisdiction

This action arises under the Copyright Act of 1976, 17 U.S.C. §101 *et seq.* and the Lanham Act, 15 U.S.C. §1125 *et seq.* This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 (a) and has supplemental jurisdiction under 28 U.S.C. §1367(a).

## C.    Legal Issues

### 1.    Indio's Position

With respect to Indio's First Amended Complaint, the issues at bar are whether Indio owns valid copyrights in the designs at issue, whether Brybradan infringed those designs, and what, if any, damages Indio is entitled to if Brybradan is found to be liable for infringement; whether Indio has proprietary rights in the marks at issue, whether Brybradan infringed Indio's rights in the marks, and what, if any, damages Indio is entitled to if Brybradan is found to be liable for trademark infringement; whether Brybradan's actions are unfair competition, whether Brybradan's actions are a violation of California *Business and Professions* Code §17200, and what, if any, damages Indio is entitled to if Brybradan is found liable under those additional

COHEN LAW, A PROFESSIONAL LAW CORPORATION

theories.

### 2.   Brybradan's Position

Brybradan believes that the central issues in the case are: (1) whether Plaintiff owns the copyrights-in-suit, and (2) whether the trademarks Plaintiff claims to own are, in fact, subject to trademark protection by Plaintiff.

As to the copyright issue, the question is whether Plaintiff can establish a clear chain of title for copyright ownership, and that the works for which copyright is claimed are original with whoever created them.  Brybradan notes that the Court, in its ruling on Brybradan's motion to dismiss and/or for more definite statement, that "Plaintiff is not entitled to a presumption of ownership because of the time between the copyright registrations and the date of first publication."  See, Docket No. 28 at 8.

As to the trademark issue, the question is whether the marks for which Plaintiff claims protection are, in fact, trademarks, as opposed to generic or descriptive terms.  Also, the question is whether the use of these "marks" by others in the industry prior to Plaintiff precludes Plaintiff from owning rights to these "marks."

Finally, there is also an issue of whether Plaintiff is entitled to any statutory damages or attorneys' fees on its copyright claim.

Depending on the outcome of discovery on the issue, Brybradan may file a motion to challenge Plaintiff's ownership of the copyrights-in-suit.

Brybradan may also file a motion challenging the viability of the alleged "trademarks" asserted by Plaintiff.

Brybradan may also move for a determination that statutory damages under the Copyright Act are not available to Plaintiff.

The parties agree that other legal issues may exist or arise and that the failure to list any legal issue in dispute is not an admission or concession by any party that such legal issue does not currently exist or may not exist.  The parties also reserve the right

COHEN LAW, A PROFESSIONAL LAW CORPORATION

to identify additional legal issues as the action progresses.

### D.    Parties, Evidence, Etc.

Parties

The Plaintiff and Counter-Defendant is Indio Products, Inc., a California corporation.  It does not have any parent, subsidiary or affiliate to identify for conflict purposes.

The Defendant and Counterclaimant is Brybradan, Inc., a California corporation doing business as Mistic Products.

Regarding the parties' references to witnesses and documents immediately below, it is understood that this lists may change and/or expand as discovery progresses.

### 1.    Indio's Evidence

Indio'a main percipient witnesses will include Peter Bakhtiari and Martin Mayer (the previous owner of Indio).   Indio also intends to call persons with knowledge of matters identified in its and Defendant's respective initial disclosures, including the persons most knowledgeable regarding the purchase, sales, and revenue relating to the infringing products.

Indio intends to introduce the following:

- Documents reflecting Indio's ownership in the designs at issue, including copyright registrations for each of the identified designs, as well as deposit materials for the same.
- Documents reflecting Indio's sales, along with samples of the products;
- Documents reflecting the Defendant's sales of the alleged infringing products, along with samples of Defendant's products.

COHEN LAW, A PROFESSIONAL LAW CORPORATION

- With respect to the trademark infringement aspect of the case, Indio intends to introduce documents reflecting its ownership in the marks, including the registered "Holy Death" image, as well as its use of the marks.

As Indio continues discovery, it may become aware of other witnesses and documents that it will rely on at trial or otherwise during the litigation of this matter.

## 2. Brybradan's Evidence

At this time, Brybradan continues to investigate the facts of the case, and does not have a complete picture of the witnesses and/or documents it may rely upon in a dispositive motion or at trial.

Brybradan also notes that Plaintiff bears the burden of proof on the copyright infringement, trademark infringement, and unfair competition claims, and Brybradan believes that Plaintiff will not be able to prove ownership of some, if not all, of the copyrights-in-suit, and that the trademarks-in-suit are actually protectable trademarks. Plaintiff's unfair competition claims are based on the copyright and/or trademark claims, and thus, would similarly fall.  In connection with these assertions, Brybradan believes that Plaintiff knew of the issues/deficiencies with its alleged copyrights and trademarks and withheld such information from the U.S. Copyright Office and/or U.S. Patent and Trademark Office.

Brybradan further notes that Plaintiff may have waived or acquiesced to others' use of what Plaintiff now claims as its copyrights and trademarks.

Percipient Witnesses:

- Raul Gonzalez, principal of Brybradan;
- Jesus Huerta, President/CEO of Veladoras Místicas, S. de R.L. (Apodaca, Nuevo Laredo, Mexico);
- Ricardo Zatarain Ponce, President/CEO of Mensajero Products, Inc. (Chula Vista, California);

COHEN LAW, A PROFESSIONAL LAW CORPORATION

- • Paul Morra, President, Crusader Candle Co., Inc. (Brooklyn, New York);
- • Jose E. Garcia, President/CEO/General Manager, Vision Candles, Inc., (Miami, Florida);
- • Martin Mayer (former owner of Plaintiff);
- • Peter Bakhtiari (present owner of Plaintiff);
- • Attorneys at Fishman Stewart PLLC and/or Brooks Kushman PC regarding prosecution of the applications for the copyrights-in-suit and trademarks-in-suit;

Key Documents:

- • Brybradan anticipates submitting documents showing that others in the industry have used the same alleged trademarks as Plaintiff prior to Indio's use thereof, and that the alleged trademarks consisting of a word, or words, are not, in fact trademarks at all. Brybradan similarly anticipates submitting documents showing that "holy death" image for which Plaintiff claims both copyright and trademark is not original, and has been well known and used by others for decades.
- • Brybradan also anticipates submitting documents showing the source materials for some or all of the artwork Indio contends is copyrighted showing that employees of Indio did not create most, if not all, of the artwork allegedly covered by the copyrights-in-suit.
- • Brybradan also anticipates submitting documents showing that some or all of the artwork (either the same or substantially similar) was in use by others in the industry both before and/or after Indio claims to have published such works.

COHEN LAW, A PROFESSIONAL LAW CORPORATION

Brybradan does not have any parents, subsidiaries, or affiliates.

**E.**     **Damages**

    **1.**     **Indio's Contentions**

Indio was denied sales and profits that it would have made on orders for its candles and other products that Brybradan instead fulfilled.  In connection with those sales, Indio would be entitled to the monies received by Brybradan from those sales, or the profit Indio would have made on those transactions if the products had been purchased directly from Indio.

On its copyright infringement claims, Indio also seeks to recover damages from Brybradan in the form of their disgorgeable profits pursuant to 17 U.S.C. §504.  In addition to actual damages, Indio is entitled to "any profits of the infringer that are attributable to the infringement," 17 U.S.C. §504(b); *Transgo, Inc. v. Ajac Transmission Parts Corp.,* 768 F.2d 1001 (9th Cri. 1985) ("all gross revenue is presumed to be profit attributable to the infringement").  Indio would be entitled to recover the monies reaped by Defendant in connection with its infringement.  Indio is entitled to recover pre-judgment interest, costs, and attorneys' fees under 17 U.S.C. §505.

Finally, Indio may elect to seek statutory damages under 17 U.S.C. §504 (c) and enhanced damages for willful infringement.  The maximum statutory damages award Indio believes it may obtain from Brybradan is $690,000.00 ($30,000.00 per infringed design, for 23 designs.)

Additionally, on its trademark infringement claims, Indio seeks to recover damages from Brybradan in the form of their profits, actual damages, and costs of suit pursuant to 15 U.S.C. §1117.

COHEN LAW, A PROFESSIONAL LAW CORPORATION

### 2. Brybradan's Contentions

The damages Brybradan seeks in connection with its counterclaim(s) are presently based on the attorneys' fees, costs, and expenses it is being forced to expend to defend against what it believes to be meritless, fraudulent claims. Thus, at the present time, Brybradan believes its attorneys' fees, costs, and expenses incurred represent recoverable damages in light of Indio's malfeasance set forth in Brybradan's counterclaims.

### F. Insurance

#### 1. Indio's Contentions

Indio does not maintain insurance to protect itself against the misappropriation and theft of its designs and/or the infringement of its intellectual property. It is presently determining whether it may have coverage for Brybradan's recently filed counterclaims. Indio has submitted those claims to it's insurance company and is awaiting a determination of coverage.

#### 2. Brybradan's Contentions

Brybradan presently has insurance coverage from one carrier under a reservation of rights. It is believed that the limit is $1,000,000 per policy year, and that there are three policy years "in play" at the present time.

### G. Motions

The parties do not presently anticipate any motions to add parties or claims, file amended pleadings or transfer venue at this time.

### H. Manual for Complex Litigation

The parties do not believe that this action is a complex matter, which would necessitate complex matter rules of guidelines.

COHEN LAW, A PROFESSIONAL LAW CORPORATION

### I.      Status of Discovery

Brybradan has served its first set of interrogatories, document requests, and requests for admissions.  The present deadline for Indio's responses is approximately ten (10) days after the Scheduling Conference.  Indio has not yet served any written discovery.

### J.      Discovery Plan

The parties anticipate conducting all discovery pursuant to the Federal Rules of Civil Procedure and utilizing all discovery allowed under Rule 26, including requests for documents, interrogatories, requests for admissions, and depositions.  The parties do not seek to bifurcate discovery, conduct discovery in phases, or otherwise modify or limit the scope of discovery, except as noted in "Miscellaneous Issues" below regarding the number of interrogatories per party, electronic discovery, a confidentiality/protective order, and possibly the number of depositions per party.

#### 1.      Indio's Proposed Discovery Plan

Indio anticipates that it will propound written discovery in the form of Interrogatories, Admissions, and Requests for Production, and will take the depositions of individuals at Brybradan with knowledge of Brybradan's design process and accounting, after a first round of written discovery, as well as those persons disclosed in Brybradan's initial disclosures.   More specifically, Indio anticipates taking the deposition of Raul Gonzalez.  The subject of Indio's discovery will be the source of designs used on Brybradan's products, the volume of accused products sold and to whom, the amount of any profits realized by Brybradan in the sale of those products, and Brybradan's willfulness in the infringement.  Indio will also seek information regarding Brybradan's counterclaims.

#### 2.      Brybradan's Proposed Discovery Plan

- Anticipated Deponents:

COHEN LAW, A PROFESSIONAL LAW CORPORATION

COHEN LAW, A PROFESSIONAL LAW CORPORATION

1          o     Peter Bakhtiari

2          o     Martin Mayer

3          o     The attorneys who prosecuted the applications for the copyrights-in-suit and trademarks-in-suit:

- Fishman Stewart PLLC
- Brooks Kushman PC.

o     Jesus Huerta M, President/CEO of Veladoras Místicas, S. de R.L. (Apodaca, Nuevo Laredo, Mexico);

o     Ricardo Zatarain Ponce, President/CEO of Mensajero Products, Inc. (Chula Vista, California);

o     Paul Morra, President, Crusader Candle Co., Inc. (Brooklyn, New York);

o     Jose E. Garcia, President/CEO/General Manager, Vision Candles, Inc., (Miami, Florida).

o     Brybradan anticipates completing the foregoing depositions by approximately the end of September of 2017.

- <u>Anticipated Written Discovery</u>:

o     Brybradan has already propounded interrogatories, document requests, and requests for admissions to Plaintiff. The discovery propounded is largely directed at determining if Plaintiff possesses information and documentation to substantiate its claims that its employees created the artwork in question, as well as, elucidating the chain-of-title for each of the rights asserted. The discovery also seeks to ascertain the basis for Plaintiff's assertion that the alleged trademarks are, in fact, trademarks, as opposed to descriptive or generic words. The discovery further seeks information supporting

JOINT RULE 26(F) REPORT AND DISCOVERY PLAN

COHEN LAW, A PROFESSIONAL LAW CORPORATION

the "facts" set forth in Plaintiff's copyright registrations and trademark applications (dates of first publication for copyrights, dates of first use in commerce for trademarks). Finally, as a general matter, the discovery further seeks information pertaining to damages, including Plaintiff's sales and profits in relation to the products in question, as well as the alleged basis for the willfulness of any infringements.

- Brybradan does not believe any changes to the disclosures under Rule 26(a) are needed, and Brybradan proposes that the parties exchange their Initial Disclosures under Fed.R.Civ.P. 26(a) on or before April 17, 2017.

- Subjects on which discovery may be needed (non-limiting):

   o The source and origin of each design under each of the copyrights-in-suit, including the designer's drawings and any manufacturer's drawings or similar documents;

   o The source and origin of each design under each of the trademarks-in-suit;

   o Chain-of-title for each of the copyrights-in-suit;

   o Evidence regarding the first publication date listed on the registration forms for each of the copyrights-in-suit;

   o Evidence regarding the first use in commerce date listed on each of the trademark registration/application forms for each of the trademarks-in-suit;

   o Plaintiff's infringement contentions, including a specific identification of each Brybradan product accused of infringing;

JOINT RULE 26(F) REPORT AND DISCOVERY PLAN

COHEN LAW, A PROFESSIONAL LAW CORPORATION

- Plaintiff's first awareness of Brybradan's allegedly infringing activities;

- The prosecution history for each of the copyrights-in-suit and trademarks-in-suit;

- The status of all opposition proceedings in the Trademark Trial and Appeal Board for any of the trademarks-in-suit;

- Plaintiff's awareness of others in the industry using the same or similar artwork and the same names as those Plaintiff asserts are infringed in this case;

- Details regarding the alleged assignor of the "Holy Death" artwork in one of the asserted copyrights and one of the asserted trademarks;

- Information regarding Plaintiff's sales, costs, expenses, and profits for each of the allegedly copyrighted and/or trademarked products;

- Any licenses and royalties paid to Plaintiff in connection with any of the copyrights-in-suit and trademarks-in-suit; and,

- The basis for Plaintiff's non-admissions/denials of the allegations in Brybradan's counterclaims.

## K.   Discovery Cut-Off

The parties propose a discovery cut-off for fact discovery of October 23, 2017.

## L.   Expert Discovery

The parties contemplate reliance on expert witnesses and propose the following schedule for expert discovery:

- Initial expert disclosures (from the party bearing the burden of proof on an issue): November 13, 2017;
- Rebuttal expert disclosures: December 18, 2017;
- Expert discovery cut-off: January 22, 2018.

## M.  **Dispositive Motions**

### 1.  **Indio's Contentions**

Indio does not anticipate the filing of any dispositive motions at this time.  At this time, Indio is unaware of any motions *in limine* it may seek to file, but reserves the right to do so at the appropriate time.

### 2.  **Brybradan's Contentions**

Depending on the outcome of discovery, Brybradan may file a dispositive motion regarding at least: (1) Plaintiff's ownership of the copyrights-in-suit; (2) the viability as trademarks of the trademarks-in-suit; and, (3) the lack of availability to Plaintiff of statutory damages and/or attorneys' fees under the Copyright Act.

At this time, Brybradan has not identified any motions in limine it may file.

The parties agree that other legal issues may exist or arise and that the failure to list any legal issue in dispute is not an admission or concession by any party that such legal issue does not currently exist or may not exist.  The parties also reserve the right to identify additional legal issues as the action progresses.

## N.  **Settlement/ Alternative Dispute Resolution (ADR)**

Plaintiff and Defendant have had initial brief settlement discussions and continue to engage in such discussions at the time of the filing this report.

As this case has been designated part of the ADR program, the Parties agree to utilize a neutral selected by the parties from the Court Mediation Panel.  If, after engaging in a settlement conference/mediation with such a neutral, the parties believe

COHEN LAW, A PROFESSIONAL LAW CORPORATION

further work with such a neutral will likely be unfruitful, the parties reserve the right and agree to pursue mediation through private ADR with a mutually agreeable mediator.

## O. **Jury Trial Estimate**

Both parties have demanded a jury trial.  All parties estimate that the jury trial in this matter will last no more than 5-6 court days (or approximately 25-30 hours). The parties estimate that the trial of this matter will take approximately 5-6 court days (or approximately 25-30 hours) because of the large number of intellectual property rights asserted, the background information for each right that may need to be developed at trial, and the possibility of having several witnesses that may require and interpreter.  As such, the parties believe that a 5-6 day (or approximately 25-30 hours) trial is likely.

### **Indio**

Indio estimates the presentation of its case-in-chief will last approximately 2 court days.  Indio anticipates calling 4-5 witnesses.

### **Brybradan**

Brybradan estimates that the presentation of its case will last approximately 10-15 hours.  Brybradan anticipates calling approximately 6-8 witnesses.

## P. **Trial Counsel**

Plaintiff's trial counsel is Amy M. Cohen.

Defendant's trial counsel is Mark D. Nielsen and/or Daniel M. Cislo.

## Q. **Independent Expert or Master**

The parties do not anticipate the need for an independent expert or special master.

JOINT RULE 26(F) REPORT AND DISCOVERY PLAN

COHEN LAW, A PROFESSIONAL LAW CORPORATION

**R.** **Timetable**

Please see Exhibit A to this Joint Report for the Parties' proposed pre-trial and trial scheduling dates.

The parties note that the short "gap" of time set forth in Exhibit A, attached hereto, between the dispositive motion hearing date on March 19, 2018 and the Local Rule 16-2 Pre-trial Conference of Counsel is proposed, in part, so that the parties have the benefit of the Court's ruling on any dispositive motions before beginning trial preparation in earnest. By including this short "gap," the parties believe that trial preparation will be streamlined and rendered less expensive, which is of benefit to the parties and the Court.

The parties also note that the matter of <u>Indio Products, Inc. v. Camao, Inc. dba Klover Candles</u> pending in this Court before Judge Wright (Case No. 2:16-cv-7668-ODW-KS) is presently scheduled for a Final Pretrial Conference on April 9, 2018, and a 6-day trial commencing on May 1, 2018. Accordingly, the parties have attempted to craft a proposed schedule in this matter that does not overly conflict with the trial preparation and trial schedule in the case before Judge Wright. By necessity, some additional "gaps" in the Court's preferred schedule have been included to this end.

**S.** **Case Management Issues**

The Parties do not foresee any particular procedural or evidentiary issues that would affect the status or management of the case at this time.

**T.** **Severance or Bifurcation**

The Parties do not propose or anticipate the need for severance, bifurcation, or other ordering of proof at this time.

COHEN LAW, A PROFESSIONAL LAW CORPORATION

COHEN LAW, A PROFESSIONAL LAW CORPORATION

## U.    Miscellaneous Issues

### 1.    Evidence Preservation

Counsel for the parties have discussed the need for preserving evidence and have advised their clients of the need for preserving all documents and information relevant to the claims and defenses asserted in this case.

### 2.    Electronically-Stored Information

The parties shall produce documents and information in native, paper, or PDF format.  If produced in a PDF format, the documents shall be produced in single-*document* PDF files (e.g., a five-page contract would be one five-page PDF file, or a ten-page patent would be one ten-page PDF file).  The parties agree that it is impermissible to provide a mass of different documents in a single PDF file, except for, as the parties agreed during the Rule 26(f) conference of counsel, invoices, which can be produced in bulk.

If a request for documents in a TIFF/OCR format with load files is made, the producing party agrees to provide the requested documents in single-document (which is different than single-page) PDF files, which the requesting party may then have converted to a TIFF/OCR format with load files at its own expense.  Where such ESI is produced, and should the recipient not be able to access the information, the producing party shall provide any and all passwords and otherwise cooperate in assisting the recipient to read and sort the data.

If either party requests the ESI in native format, and such native documents have not been previously produced, they shall be provided in native format (without load files) at no cost.

Nevertheless, if a request for production of ESI in native format would impose costs or burden on the party greatly in excess of the cost or burden of producing such information in paper or .pdf format (for instance, because such ESI contains confidential or privileged information that cannot be readily redacted in native

JOINT RULE 26(F) REPORT AND DISCOVERY PLAN

format), a responding party may convert such information to paper or .pdf format for production.  To the extent the receiving party believes it requires such information in native format (which was previously produced in paper or .pdf format because of allegedly excess cost or burden), the parties will meet and confer in good faith to address any disputes with a view towards resolution without having to involve the Court.

### 3.    <u>Privileged Material</u>

The parties agree to log privileged and/or work product documents and produce privilege logs in accordance with Fed.R.Civ.P. 26(b)(5)(A)(ii) within thirty (30) days of the date on which non-privileged documents are produced in response to a request also encompassing such privileged documents.   The parties further agree that privileged and/or work product documents created by any party after the filing of the complaint in this case do not need to be logged.

With respect to information inadvertently disclosed, if the Court believes it is necessary above and beyond the parties' agreement herein to the indented language immediately below, the parties are amenable to jointly seeking a Rule 502(d) Order, which would be worded substantially, if not identically, to the following:

> The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

///

///

///

JOINT RULE 26(F) REPORT AND DISCOVERY PLAN

COHEN LAW, A PROFESSIONAL LAW CORPORATION

### 4. Protective Orders

The parties anticipate promptly agreeing on the language of a suitable Protective Order to be submitted to the Magistrate Judge for approval.

### 5. Numbers of Interrogatories

The parties have agreed, because of the substantial number of intellectual property rights asserted in this case, that both Plaintiff and Defendant shall be entitled to propound up to fifty (50) interrogatories.  If additional interrogatories are needed beyond fifty (50), the parties agree to meet and confer in good faith to address any disputes with a view towards resolution without having to involve the Court.

### 6. Number of Depositions

The parties do not believe they will exceed the number of depositions permitted by Fed.R.Civ.P. 30; however, because there may be a need to obtain information from a number of non-parties (e.g., related to such non-parties' possible promotion and/or sales of candles and/or related products with the artwork or names asserted in this case prior to Indio's claimed first publication or use thereof), it may be necessary for one or both parties to conduct more than ten (10) depositions.  If that appears to be the case, the parties will attempt to agree on the terms and submit a Stipulation to the Court for approval.

### 7. Possible Discovery in Mexico

While the parties are not certain at this time, it is possible that some limited, non-party discovery may be needed in Mexico.  If and when that time comes, the parties will work together on the process and bring matters to the Court's attention, if necessary.

JOINT RULE 26(F) REPORT AND DISCOVERY PLAN

COHEN LAW, A PROFESSIONAL LAW CORPORATION

COHEN LAW, A PROFESSIONAL LAW CORPORATION

8.    **Certified Copies of Copyright Registrations and Deposit Materials**

Brybradan believes that Indio should be required to produce *certified* copies of the copyrights-in-suit during the discovery period, not only because Indio did not attach its copyright registrations or deposit materials to the complaint in this action, but also because it should be required to produce *certified* copies of its copyright registrations and deposit materials for admissibility purposes in connection with any dispositive motions, or at trial.

Indio acknowledges that copies of the copyrights alleged in the litigation will be requested by Brybradan during the discovery period.  However, Indio is unconvinced that certified copies should be required, given the time and expense in obtaining the same from the U.S. Copyright Office, and is further unsure whether such certified copies could be obtained from the Copyright Office during the discovery period.

9.    **Modified Dispositive Motion Briefing Schedule**

Should either party bring a motion for summary judgment or partial summary judgment in this case, the parties have agreed to the following briefing schedule:

- Moving papers to be filed at least 35 days before the hearing date;
- Opposition papers to be filed at least 24 days before the hearing date;
- Reply papers to be filed at least 14 days before the hearing date.

10.    **Service by Electronic Mail**

The parties agree that service by e-mail to the email address(es) registered with CM/ECF for the Receiving Party's counsel of record is equivalent to service by personal service pursuant to Fed.R.Civ.P. 5(b)(2)(A) or (B) if sent by 4:59 p.m. Pacific time, unless the recipient can show that he or she did not receive the email by 4:59 p.m. Pacific time.  This agreement does not apply to motions or other documents

filed by CM/ECF (addressed below).  An individual e-mail message shall not exceed 10 MB in size.  If documents are served by e-mail, the originals need not follow by regular mail.  In the event certain documents are too large to be sent by e-mail (e.g., large exhibits to main document), then the parties agree to serve those large documents the following day by Federal Express next business day service.

Regarding ECF-filed documents, the Parties believe that they should follow the Court's Local Rule 5-3.2.1 and General Order No. 10-07 with respect to service of documents electronically filed with the Court.

WHEREUPON, the parties, by and through their respective attorneys of record, hereby jointly submit this Joint Report.

DATED:  April 3, 2017                    COHEN LAW,
                                         A PROFESSIONAL LAW CORP.


                                         ___/S/Amy M. Cohen_____
                                         Amy M. Cohen, Esq.
                                         Attorney for Plaintiff, INDIO
                                         PRODUCTS, INC.


DATED:  April 3, 2017                    CISLO & THOMAS, LLP


                                         /s/Mark D. Nielsen_____
                                         Mark D. Nielsen, Esq.
                                         Attorney for Defendant, BRYBRADAN
                                         INC.

JOINT RULE 26(F) REPORT AND DISCOVERY PLAN

COHEN LAW, A PROFESSIONAL LAW CORPORATION

JUDGE BEVERLY REID O'CONNELL – SCHEDULE OF TRIAL AND PRETRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Trial [jury] [court] Trials held on Tuesdays-Est length: 25-30 hrs** | 8:30 am | Tuesday | 7/31/2018 | | |
| **[Jury] Hearing on Disputed Jury Instructions** | 1:30 pm | -1Monday | 7/23/2018 | | |
| **[Court trial] File Findings of Fact and Conclusions of Law** | | -1 Monday | | | |
| **File Joint Deposition Designation Submission and lodge pertinent depo transcript** | | 13 days Wed. | 7/18/2018 | | |
| **[Jury/Court trial] Hearing on Motions in Limine** | 1:30 pm | -2 Monday | 7/16/2018 | | |
| **[Jury] Joint jury instructions; disputed jury instructions to be filed and emailed to chambers in Word.** | | -3 Monday | 7/9/2018 | | |
| **Pretrial Conference; Proposed Voir Dire Q.s. Lodged; file Agreed-to Statement of Case; File Agreed Verdict Forms; Exchange objections/response to deposition designations** | 3:00 pm | -4 Monday | 7/2/2018 | | |
| **Motions in Limine to be filed.** | | -6 Monday | 6/18/2018 | | |
| **Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists; Exchange deposition designations** | | -6 Monday | 6/18/2018 | | |
| **Last date to file Joint Report regarding ADR Proceeding** | | -7 Monday | 6/11/2018 | | |
| **Last date to conduct ADR Proceeding** | | -8 Monday | 6/4/2018 | | |
| **Deadline to Conduct LR 16-2 Conference of Counsel** | | | 5/23/2018 | | |
| **Last day for hearing motions** | 1:30 pm | -9 Mon. | 3/19/2018 | | |
| **Discovery cut-off [Note: Expert disclosure no later than 70 days prior to this date.]** | | -10 Monday | 1/22/2018 | | |
| **Last to Amend Pleadings or Add Parties (90 days after Scheduling Conference)** | | | 7/17/2017 | | |

JOINT RULE 26(F) REPORT AND DISCOVERY PLAN